

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00106-CV

———————————————

FALI HOLDINGS, INC., Appellant

V.

STATE OF TEXAS, Appellee

On Appeal from Probate Court No. 1
Denton County, Texas
Trial Court No. PR-2020-0287

Before Birdwell, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

This petition for permissive appeal arises out of a partial condemnation brought in connection with I-35E's Denton County expansion regarding a 0.499-acre tract along the west side of State Highway 121, improved with a 2,013-square foot former Taco Bell held by Appellant Fali Holdings, Inc. and leased by TitleMax since 2011.

The State deposited the $34,385 awarded by the special commissioners into the trial court's registry on November 6, 2020, *see* Tex. Prop. Code Ann. § 21.021, making that date the "time of the taking" from which the land's market value would be measured. *See City of Fort Worth v. Corbin*, 504 S.W.2d 828, 830 (Tex. 1974) (explaining that the time of the taking is the date upon which the condemnor lawfully takes actual possession or takes the property constructively by a deposit of the special commissioners' award and that the compensation for land taken by eminent domain is measured by the land's market value at the time of the taking).

On the State's motion and after a hearing, on February 10, 2025, the trial court excluded the testimony of Steven Tyler Flook—the vice president of real estate for A-MAX Auto Insurance, Inc., of which Fali Holdings, Inc. is a subsidiary real-estate holding company—deeming inadmissible his testimony "related to the value of compensation due to the landowner as a result of the State's condemnation in this case" because of Flook's methodology of assessing the damages resulting from the taking.

In response to Fali Holdings, Inc.'s motion to reconsider with alternative request for permissive appeal, the State (1) attached Flook's deposition transcript to show that Flook's opinion testimony[1] would not be helpful to a jury; (2) complained that under Rule of Evidence 701, Flook had to provide market data to support his opinion but had failed to do so; and (3) asserted that "[a]t the eleventh hour, 51 months after the date of value, Fali [Holdings], in a desperate gambit for a fourth bite at the apple while still lacking teeth, demanded to testify as to 'market value' of the subject property but provided no market data."

The trial court denied Fali Holdings, Inc.'s motion to reconsider but granted permissive appeal on the following issue:

> [W]hether the Court improperly excluded Mr. Flook's opinion testimony as to market value pursuant to the Texas "Property Owner's Rule," due to his methodology of assessing market value, and what criteria a court should use to assess the admissibility (in contrast to weight or credibility) of Flook's testimony.

In its order, in addition to identifying the above issue as the controlling question of law, the trial court stated that an immediate appeal "would materially advance the ultimate termination of the litigation as it would be a waste of judicial resources to try

---

[1]During his deposition, Flook estimated over $2 million as the partial taking's effect on the property's remainder, using a methodology outside those identified by the supreme court and relying, in part, on his own "guesstimate." *Cf. State v. Cent. Expressway Sign Associates*, 302 S.W.3d 866, 871 (Tex. 2009) (op. on reh'g) ("Texas recognizes three approaches to determining the market value of condemned property: the comparable sales method, the cost method, and the income method.").

this issue to a jury without Mr. Flook's testimony, only to have to retry the matter to the jury if the Court's ruling excluding Mr. Flook's testimony is reversed."

In its petition to this court, Fali Holdings, Inc. argues that the admissibility of Flook's testimony is a question of law. However, the record provided to this court by Fali Holdings, Inc. reflects that the State was correct in asserting that most of Flook's testimony was speculative or inapplicable, and that the trial court accordingly did not abuse its discretion by excluding it. That is, while courts should admit as market-value evidence such matters as suitability, adaptability, surroundings, conditions before and after, and all circumstances that tend to increase or diminish a remainder's market value, evidence relating to remote, speculative, and conjectural uses and injuries not reflected in the property's present market value is not admissible and should be excluded. *State v. Stockton Bend 100 Joint Venture*, No. 02-14-00307-CV, 2016 WL 3198960, at *9 (Tex. App.—Fort Worth June 9, 2016, pet. denied) (mem. op.); *see also State v. Luby's Fuddruckers Rests., LLC*, 531 S.W.3d 810, 816 n.2 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.) (citing *Polk Cnty. v. Tenneco, Inc.*, 554 S.W.2d 918, 921 (Tex. 1977), for the proposition that "Texas courts have defined the capitalization rate as the rate of return that investors would require before they would invest in the income-producing property, *taking into account all the risks involved in that particular enterprise*" (emphasis added)).

Further, the law is well settled regarding testimony under the Property Owner's Rule, *see Nat. Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 150, 155–159 (Tex. 2012),

4

and the methodology of assessing the damages in a partial takings case, *see State v. Petropoulos*, 346 S.W.3d 525, 530 (Tex. 2011); *Cent. Expressway Sign Assocs.*, 302 S.W.3d at 871 (citing *City of Harlingen v. Estate of Sharboneau,* 48 S.W.3d 177, 182–83 (Tex. 2001)).

Thus, Fali Holdings, Inc. has failed to meet the statutory requirements for a permissive appeal under Civil Practice and Remedies Code Section 51.014(d), which requires that the order to be appealed involve "a controlling question of law as to which there is a substantial ground for difference of opinion" and that "an immediate appeal from the order" materially advance the litigation's ultimate termination. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d); *see Indus. Specialists, LLC v. Blanchard Ref. Co.*, 652 S.W.3d 11, 16 (Tex. 2022) ("The courts have no discretion to permit or accept an appeal [under Section 51.014(d)] if the two requirements are not satisfied.").

Because Fali Holdings, Inc. has failed to meet Section 51.014(d)'s requirements, we deny its petition for permissive appeal.


                    Brian Walker
                    Justice

Delivered: April 24, 2025